THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON SAMPAGA,

        Plaintiff,

vs.

SNOHOMISH COUNTY, a municipal corporation; SNOHOMISH COUNTY PROSECUTING ATTORNEY MARK ROE, in his official capacity, and as an individual; THE CITY OF EVERETT, a municipal corporation, and the EVERETT POLICE DEPARTMENT, EVERETT POLICE DEPARTMENT CHIEF OF POLICE DAN TEMPLEMAN, in his official capacity, and as an individual; JOE NEUSSENDORFER, an individual; DEB (Debra or Deborah) COLEMAN, an individual; PETER NOETZEL, an individual; SUZANNE EVISTON, an individual,

        Defendants.

NO. 16-01310-RAJ

ORDER

This matter comes before the Court on Defendants Snohomish County's and Mark Roe's Motion for Summary Judgment. Dkt. # 16. Plaintiff Jason Sampaga opposes the motion. Dkt. # 20. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

**I.    BACKGROUND**

Plaintiff is a former Everett Police Officer. Dkt. # 1-3 (Amended Complaint) at ¶ 1.1. In December 2012, Plaintiff responded to two different assault calls. *Id.* at ¶¶ 3.20, 3.24. In the first incident, Plaintiff did not obtain a statement from an

ORDER-1

injured victim; in the second, Plaintiff left an arrestee alone in his patrol car while he entered a hospital, which was in violation of established protocols. Dkt. # 17-1, Exs. B, D. Plaintiff's superiors sought explanations for the missing statement and protocol violation but Plaintiff denied any wrongdoing. *Id.* Plaintiff's superiors suspected that his explanations were untruthful and an internal investigation ensued. Dkt. # 17-1, Ex. D. The Everett Police Department concluded that Plaintiff's dishonesty merited his termination. Dkt. # 17-1, Ex. E. Plaintiff's termination was effective May 6, 2013. *Id.*

On May 8, 2013, the Everett Police Department forwarded its investigation of Plaintiff's dishonesty to Mr. Roe, the Snohomish County Prosecuting Attorney. Dkt. # 17 (Decl. Roe) at ¶ 9. Mr. Roe evaluated the investigatory reports and determined that there was potential impeachment evidence that needed to be disclosed to the defense in any case in which Plaintiff was listed as a witness. *Id.* Mr. Roe was informed that there were two pending cases in which Plaintiff was listed as a witness. *Id.* However, to ensure that disclosures could be made to the defense in future cases, Mr. Roe placed Plaintiff's name on a Potential Impeachment Disclosure List, a database which Plaintiff refers to as the *Brady* List.

Mr. Roe filed suit over his termination and placement on the *Brady* List. Dkt. # 1-3 (Amended Complaint). Now, Snohomish County and Mr. Roe ask the Court to grant summary judgment in their favor based on a theory of absolute prosecutorial immunity. Dkt. # 16.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the

ORDER-2

absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

In resolving a motion for summary judgment, the court may only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). At the summary judgment stage, a court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

**III. DISCUSSION**

Defendants argue that Mr. Roe is entitled to absolute immunity because he was acting within the scope of his official prosecutorial duties. Dkt. # 16 at 13. Prosecutors are entitled to absolute immunity when they are acting in their role as advocates for the State and when their actions are "intimately associated with the judicial phase of the criminal process." *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Waggy v. Spokane*

ORDER-3

*County Washington*, 594 F.3d 707, 710 (9th Cir. 2010). Absolute immunity is not appropriate if the prosecutor is functioning "in the role of an administrator or investigative officer rather than that of advocate." *Kalina*, 522 U.S. at 125. To determine whether absolute immunity applies, courts look to "the nature of the function performed, not the identity of the actor who performed it." *Id.* at 127 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Generally, courts afford prosecutors absolute immunity for acts related to trial preparation. *See Buckley*, 509 U.S. at 273. "Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . ." *Id.* "When arguably administrative acts are directly connected with the conduct of a trial and necessarily require legal knowledge and the exercise of related discretion, absolute immunity is appropriate." *Neri v. Cty. of Stanislaus Dist. Attorney's Office*, No. 1:10-CV-823 AWI GSA, 2010 WL 3582575, at *4 (E.D. Cal. Sept. 9, 2010) (internal quotations and citations omitted); *see also Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 679 (9th Cir. 1984) (recognizing that "[p]reparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence. At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court.") (quoting *Imbler*, 424 U.S. at 431 n.33).

District courts in this Circuit addressing the issue of *Brady* Lists have found that prosecutors who made the decision to place officers on those lists and communicated those decisions were entitled to absolute immunity. *See Neri*, 2010 WL 3582575, at * 5; *Walters v. Cty. of Maricopa, Ariz*, No. CV 04-1920-PHX

ORDER-4

NVW, 2006 WL 2456173, at *9 (D. Ariz. Aug. 22, 2006) ("The decision to place [the plaintiff] on the *Brady* list and to communicate that decision, however, were acts for which these Defendants have absolute immunity.") Similarly, the Ninth Circuit has found that prosecutors are entitled to absolute immunity when assessing witness credibility "even if that judgment is harsh, unfair or clouded by personal animus," when deciding whether to preserve or release evidence in accordance with *Brady*, and when building information management systems where legal knowledge is required to assess what is included or excluded. *See Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997); *Ybarra*, 723 F.2d at 679 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)); *Cousins v. Lockyer*, 568 F.3d 1063, 1069 (9th Cir. 2009).

Here, Mr. Roe is entitled to absolute immunity. Having reviewed the Everett Police Department files regarding Plaintiff, Mr. Roe determined that potential impeachment evidence existed. Dkt. # 17 (Roe Decl.) at ¶ 9. Mr. Roe was bound by *Brady* to disclose this evidence to the defense in any case where Plaintiff was listed as a witness, for which there were two. *Id*. at ¶¶9, 15; s*ee also Giglio v. U.S.*, 405 U.S. 150 (1972) (finding that when witness credibility is an important issue in a case, *Brady* requires its disclosure to the defense) (citing *Napue v. Illinois*, 360 U.S. 264 (1959)). Mr. Roe's decision to place Plaintiff on the *Brady* List was therefore based on his objective and reasonable assessment of Plaintiff's credibility and the potential for Plaintiff to appear as a witness in future cases.[1] Dkt. # 17 (Roe Decl.)

---

[1] Plaintiff appears to argue that maintaining a *Brady* List, generally, is an administrative task and therefore Mr. Roe cannot claim absolute immunity. Dkt. # 20 at 11. The Court disagrees. Maintaining a *Brady* List "necessarily require[s] legal knowledge and the exercise of related discretion[.]" *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Though the act of maintaining a list can be administrative in nature, the list in this matter—the *Brady* List—created a kind of administrative obligation "that itself is directly connected with the conduct of trial." *Id.* This is not the kind of administrative task that strips Mr. Roe of his absolute immunity.

ORDER-5

at ¶¶ 9, 15. This decision to add Plaintiff's name to the *Brady* list was "intimately tied to the judicial process" and therefore warrants absolute immunity. *Botello v. Gammick*, 413 F.3d 971, 977 (9th Cir. 2005). Mr. Roe's determination is no less protected because he applied it broadly rather than to one specific case. *Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997) (finding that evaluating the credibility of a police officer "falls entirely within a prosecutor's judicial function regardless of whether one case or a line of cases is at issue.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and therefore dismisses all claims asserted against Defendants Snohomish County and Mark Roe. Dkt. # 16.

Dated this 29th day of June, 2017.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER-6