HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON SAMPAGA,

                Plaintiff,

   v.

SNOHOMISH COUNTY, et al.,

                Defendants.

CASE NO. C16-1310 RAJ

ORDER

This matter comes before the Court on Defendants' motion for summary judgment. Dkt. # 25. Plaintiff opposes the motion. Dkt. # 29. For the reasons that follow, the Court **GRANTS** Defendants' motion.

**I.    BACKGROUND**

The Court discussed the facts of this case in its previous order. *See* Dkt. # 23. The Court need not reiterate those facts here. For the purpose of this Order, the Court need only layout the procedural history of this matter.

On May 3, 2013, Plaintiff was notified of his termination from the police department. Dkt. # 28 at 7. That same day, Plaintiff filed a formal grievance regarding his termination. Dkt. # 28-1 at 77. On May 10, 2013, Plaintiff's grievance was denied. *Id.* at 79. As a result, on May 16, 2013, the Everett Police Officers Association (EPOA) submitted the grievance to the Mayor. *Id.* at 81. On May 24, 2013, the City denied the grievance. *Id.* at 83. On May 4, 2016, Plaintiff filed this lawsuit in state court. Dkt. # 1-2 (Complaint).

Defendants are now before this Court on their motion for summary judgment. They argue, in part, that Plaintiff's § 1983 claim is untimely because he filed his claim outside the three-year statute of limitation period.

**II.     LEGAL STANDARD**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

In resolving a motion for summary judgment, the court may only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). At the summary judgment stage, a court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

**III. DISCUSSION**

A. Statute of Limitation

Plaintiff received his notice of termination on May 3, 2013 and filed this lawsuit on May 4, 2016. Dkt. ## 1-2 (Complaint), 1-3 (Amended Complaint) at ¶ 3.36. The parties do not dispute that Plaintiff filed his § 1983 claim after the three-year statute of limitations had run. Dkt. ## 25 at 5-6, 29 at 10. However, Plaintiff denies that his claim is untimely because he argues that the statute of limitation was tolled during the pendency of his grievance procedure. Dkt. # 29 at 10. Plaintiff explains that he filed a formal grievance, which was denied on May 24, 2013, and because the statute of limitation was tolled during this period, he had until May 24, 2016 to file his § 1983 claim. *Id.* at 10-11.

Plaintiff relies on *Galindo v. Stoody Co.* and *Maurer v. Int'l Bhd. of Elec. Workers, Local 569, AFL-CIO* for the purpose of his equitable tolling argument. *Id.* at 10-11. Both cases are based on the National Labor Relation Act's six-month statute of limitation period. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1508 (9th Cir. 1986); *Maurer v. Int'l Bhd. of Elec. Workers, Local 569, AFL-CIO*, 200 F. Supp. 3d 1052, 1059 (S.D. Cal. 2016). Moreover, both *Galindo* and *Maurer* involved claims against the plaintiffs' respective unions. *See Galindo*, 793 F.2d at 1507 (stating that the complaint alleged that the union breached its duty of fair representation); *Maurer*, 200 F.Supp.3d at 1060-61 (stating that the complaint alleged breach of contract claims against the union). The facts of those cases are therefore readily distinguishable from the instant matter.

Equitable tolling is appropriate in labor disputes like that of *Galindo* because there is a "national policy favoring nonjudicial resolution of labor disputes." *Galindo*, 793

F.2d at 1510.  This is especially poignant when the period to file suit is limited to six months such that waiting for a nonjudicial procedure to end prior to filing suit in district court is impractical.  The crux of this policy—favoring nonjudicial resolution—is not undercut in the case at hand where Plaintiff was still afforded nearly three years after his grievance procedure to file this lawsuit.

In the context of § 1981[1], the Supreme Court has held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980).  The policy behind these limitation periods is important: "while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, [the limitation periods] also protect employers from the burden of defending claims arising from employment decisions that are long past." *Id.* at 256-57.  Nonetheless, Plaintiff argues that he is a candidate for equitable tolling during the time he was pursuing his administrative grievance.

Whether the statute can be tolled in this context is a matter of Washington state law.  *Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules[.]'") (citations omitted).  In Washington, equitable tolling is available when "a defendant's actions have fraudulently, deceptively or in bad faith induced plaintiff to delay commencing suit until the applicable statute of limitations has expired." *Brandt v. Lehman*, No. C07-5808FDB, 2008 WL 714099, at *2 (W.D. Wash. Mar. 14, 2008).  "In addition, a defendant is not equitably estopped from raising a statute of limitations defense when the plaintiff had actual notice of the facts giving rise to a

---

[1] The Supreme Court has recognized claims brought under § 1981 and § 1983 to be intertwined.  *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989); *but see Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996).

claim in sufficient time for the plaintiff to commence an action before the expiration of the statute period." *Id.*

Equitable tolling is not appropriate for the matter at hand. Defendants have done nothing to prevent or hinder Plaintiff from bringing this lawsuit in a timely manner. Moreover, Plaintiff concedes that his grievance was denied on May 24, 2013. Dkt. # 29 at 11; *see also* Dkt. # 28-1 at 83. But he offers no explanation for sitting on his rights for nearly three years. Therefore, having been aware of his claim since May 2013, Plaintiff had sufficient time to bring this lawsuit. The record before this Court does not support equitable tolling. Because Plaintiff's claims were not tolled during the pendency of his grievance, his § 1983 claim is untimely.

B. Supplemental Jurisdiction Over State Law Claim

All that remains in Plaintiff's lawsuit is his state-law claim. *See* Dkt. # 1-3 (Amended Complaint) at ¶¶ 4.2. This Court has discretion to decline supplemental jurisdiction over the remaining state claim and remand the matter to state court. *See* 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (finding that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.") (citations omitted); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). The Court has not expended sufficient time on the merits of this case to warrant incursion into areas of state law. Therefore in the interest of justice, rather than dismissing the remaining state claim, the Court remands this matter to the state court from which it was removed. *See* 28 U.S.C. § 1447(c).

IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment. Dkt. # 25. This case was removed pursuant to 28 U.S.C. § 1331. Because the Court has dismissed the federal claim that was the basis of federal question jurisdiction,

the Court directs the Clerk to **REMAND** this matter to the Snohomish County Superior Court.

Dated this 19th day of December, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge